```
UNITED STATES DISTRICT COURT                                    FILED
EASTERN DISTRICT OF NEW YORK                                    CLERK
------------------------------------------------------------X
AUTOTECH COLLISION, INC., BELLMORE                          12/1/2015 3:09 pm
COLLISION, INC., AUTOTECH II and                            U.S. DISTRICT COURT
LORRAINE PILITZ, in her individual                          EASTERN DISTRICT OF NEW YORK
and official capacity,                                            LONG ISLAND OFFICE

                        Plaintiff,
                                                            ORDER
        -against-                                           14-CV-6089 (SJF)

THE INCORPORATED VILLAGE OF ROCKVILLE
CENTRE AND THE BOARD OF TRUSTEES OF THE
VILLAGE OF ROCKVILLE CENTRE,


                        Defendants.
------------------------------------------------------------X
FEUERSTEIN, J.
```

On October 17, 2014, plaintiffs Autotech Collision, Inc., Bellmore Collision, Inc. Autotech II, tow-truck businesses owned by plaintiff Lorraine Pilitz (Pilitz)[1] (collectively, "plaintiffs"), brought this action against defendants Village of Rockville Centre and its Board of Trustees (collectively, "Village" or "defendants"), alleging equal protection and due process violations stemming from the Village's award of contracts to rival tow-truck businesses. [Docket No.1]. On May 26, 2015, the Village moved to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Docket No. 17]. For the reasons that follow, the Village's motion is granted.

## I.      FACTUAL BACKGROUND

For purposes of this motion, the Court accepts as true the following allegations found in the amended complaint. Defendants conducted a bidding process for tow truck services within

---

[1] Incorrectly captioned as "Piltz."

the Village, that "routinely denied [plaintiffs'] bids to which they were legally entitled . . . ." Pl.'s Compl. 3, ¶¶ 13–14. The Village allegedly denied plaintiffs' bid because she was a female and because of "bad faith invidious motives." Pl.'s Compl. 3, ¶ 15.

Plaintiff previously filed suit in 2007 against the Village, the Village of Freeport, and various public officials, No. 07-cv-2335, alleging federal and state Equal Protection violations, tortious interference with contract, and federal Racketeer Influenced and Corrupt Organizations (RICO) Act violations. Pursuant to a settlement in that action, the Village agreed to award towing jobs based on a rotational list, to "institute an unbiased, nondiscriminatory bidding process, and refrain from issuing any disparaging remarks . . ." regarding plaintiffs, in exchange for a general release of "all claims made and/or which could have been made against the Village . . . including all claims at issue in [No. 7-cv-4078.]" Pl.'s Compl. 3, ¶ 16; Def.'s Br., Ex. B 1–2.

The Village subsequently amended its bidding process, and in October 2011, denied plaintiffs' bid, stating that her competitor's bid represented a better alternative. Pl.'s Compl. 4, ¶ 18. The Village police department made false and disparaging remarks about plaintiffs to their customer, Debra Jateen, advising her not to employ their services, and "falsely proclaiming that [plaintiffs] engage[d] in deceptive business practices and called [Pilitz] derogatory names," such as "troublemaker," and "unprofessional." Pl.'s Compl. 4,6 ¶¶ 19, 3. The Village, "acting in concert with other governing bodies and [Geico] Insurance" accused plaintiffs of insurance fraud and deceptive business practices, which resulted in a state prosecution, although "she [sic] was finally exonerated in 2012." Pl.'s Compl. 4, ¶ 19. Local news television stations repeated the

false statements. Pl.'s Compl. 5, ¶ 19. These statements and actions destroyed plaintiffs' business and Pilitz's personal reputation. Pl.'s Compl. 5, ¶ 19.

## II. DISMISSAL MOTION

The Village moves to dismiss plaintiffs' claims, arguing that the complaint fails to state a claim pursuant to an equal protection, substantive due process violations, or "stigma plus" theory, and that these claims are time-barred under the three (3)-year statute of limitation. Def.'s Br. 4–14.

### A. Rule 12(b)(6)

To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Determining whether a claim is plausible is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *Id.* The court is limited "to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Allen v. WestPoint–Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991). "Dismissal is appropriate when 'it is clear from the face of the complaint . . . that the plaintiff's claims are barred as a matter of law.'" *Parkcentral Global Hub Ltd. v. Porsche Auto. Holdings SB*, 763 F.3d 198, 208–09 (2d Cir. 2014) (quoting *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86 (2d Cir. 2000)).

B.   Equal Protection

"'The purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents.'" *Sioux City Bridge Co. v. Dakota Cty.*, 260 U.S. 441, 445 (1923) (quoting *Sunday Lake Iron Co. v. Township of Wakefield*, 247 U.S. 350, 352 (1918)). A plaintiff may bring equal protection claims if "she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (citing *Sioux City Bridge C*, 260 U.S. at 441 (1923); *Allegheny Pittsburgh Coal Co. v. Comm'n of Webster Cty.*, 488 U.S. 336 (1989)).

"To state a claim for an equal protection violation, [a plaintiff] must allege that a government actor intentionally discriminated against [her] on the basis of race, national origin or gender." *Hayden v. Cty. of Nassau*, 180 F.3d 42, 48 (2d Cir. 1999). The complaint must allege sufficient facts to show that plaintiff: (1) was "selectively treated compared with others similarly situated; and (2) the selective treatment was based on impermissible considerations," such as race, national origin, or gender. *Stevenson v. Town of Oyster Bay*, 433 F. Supp. 2d 263, 266–67 (E.D.N.Y. 2006) (citing *Diesel v. Town of Lewisboro*, 232 F.3d 92, 103 (2d Cir. 2000)).

"[T]he analysis for such claims is similar to that used for employment discrimination claims brought under Title VII, *Demoret v. Zegarelli*, 451 F.3d 140, 149 (2d Cir. 2006), and a plaintiff bears the burden of making a *prima facie* showing of an equal protection violation by establishing: "(1) she is a member of a protected class; (2) her . . . performance was satisfactory; (3) she suffered adverse . . . action; and (4) the action occurred under conditions giving rise to an

inference of discrimination." *Demoret*, 451 F.3d at 151 (2d Cir. 2006) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 802 (1973)). If the plaintiff cannot show that she was treated differently than similarly situated individuals, the complaint must be dismissed. *E.g.*, *Vaher v. Town of Orangetown, N.Y.*, 916 F. Supp. 2d 404, 434 (S.D.N.Y. 2013).

Although plaintiffs complain that they were not selected to provide towing services in the Village because of its "invidious motive[s]," a "discriminatory bidding process," and "widespread gender bias," the complaint offers no facts that permit an inference of discrimination. The complaint identifies no male-owned towing companies as comparators, contains no facts to suggest a discriminatory bidding process or gender bias, and does not specify any statements by the Village that permit an inference of gender discrimination. Consequently, plaintiffs' equal protection claims are dismissed. *Cf. Davis v. Cty. of Nassau*, 355 F. Supp. 2d 668, 679 (E.D.N.Y. 2005) ("[A] complaint that merely alleges that the plaintiff was 'singled out,' without additional allegations of fact must be dismissed.").

C. Substantive Due Process

A plaintiff alleging a substantive due process violation must show an infringement of a "federally protectable right," which in turn, requires a showing that plaintiff has a "clear entitlement" under state law. *Natale v. Town of Ridgefield*, 170 F.3d 258, 263 (2d Cir. 1999); *e.g.*, *Cunney v. Bd. of Trustees of Vill. of Grand View*, 56 F. Supp. 3d 470, 493 (S.D.N.Y. 2014). "Substantive due process protects only those interests that are "implicit in the concept of ordered liberty." *Local 342, Long Island Pub. Serv. Employees, UMD, ILA, AFL-CIO v. Town Bd. of Town of Huntington*, 31 F.3d 1191, 1196 (2d Cir. 1994) (quoting *Palko v. Connecticut*, 302 U.S. 319, 325 (1937)). The court must first "begin with a careful description of the asserted right,"

5

and determine whether that right is "so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Reno v. Flores*, 507 U.S. 292, 302 (1993) (internal quotations and citations omitted).

Additionally, "[f]or a substantive due process claim to survive a Rule 12(b)(6) dismissal motion, it must allege governmental conduct that "is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Velez v. Levy*, 401 F.3d 75, 93 (2d Cir. 2005) (citing *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 847 n. 8 (1998)). "The protections of substantive due process are available only against egregious conduct which . . . can fairly be viewed as so 'brutal' and 'offensive to human dignity' as to shock the conscience." *Smith ex rel. Smith v. Half Hollow Hills Cent. Sch. Dist.*, 298 F.3d 168, 173 (2d Cir. 2002) (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 & n. 6 (2d Cir. 1973) (citations and internal quotations omitted).

Plaintiffs assert "a protectable property interest in the award of the towing contract." Pl.'s Br. 7. "However, New York law is clear that the lowest bidder on a public works contract does not obtain a vested interest in a public works contract." *ReSource N.E. of Long Island, Inc. v. Town of Babylon*, 80 F. Supp. 2d 52, 58 (E.D.N.Y. 2000). The Village rejected plaintiffs' bid in the "best interest of the people," further demonstrating plaintiffs' lack of entitlement to the towing contract under New York law. *See id.* ("When official action is discretionary, 'one's interest in a favorable decision does not rise to the level of a property right entitled to procedural due process protection.'") (quoting *Walentas v. Lipper*, 862 F.2d 414, 419 (2d Cir.1988), *cert. denied*, 490 U.S. 1021 (1989)). Moreover, the Village's conduct in calling her, *e.g.*, a "troublemaker," in instituting a criminal prosecution against her, in awarding the towing contract to a competitor, or in questioning her professionalism or integrity, does not constitute conduct so

egregious or offensive to human dignity that it rises to the level of a substantive due process violation.

### D. "Stigma Plus"

"'Stigma plus' refers to a claim brought for injury to one's reputation (the stigma) coupled with the deprivation of some "tangible interest" or property right (the plus), without adequate process." *DiBlasio v. Novello*, 344 F.3d 292, 302 (2d Cir. 2003) (citing *Paul v. Davis*, 424 U.S. 693, 701–02, 711–12 (1976); *Neu v. Corcoran*, 869 F.2d 662, 667 (2d Cir.1989)). These claims are a type of procedural due process claim, and a plaintiff must show a deprivation of a fundamental liberty or property interest and the absence of a state remedy. *Segal v. City of New York*, 459 F.3d 207, 213 (2d Cir. 2006); *see Goldberg v. Kelly*, 397 U.S. 254, 267 (1970) ("Like any procedural due process claim, a stigma-plus claim enforces a limited but important right: the right to be heard at a meaningful time and in a meaningful manner.") (citations and internal quotation marks omitted). To survive dismissal, that deprivation must be distinct from and in addition to the damages stemming from the defamatory statements. *Siegert v. Gilley*, 500 U.S. 226, 234 (1991) ("But so long as such damage flows from injury caused by the defendant to a plaintiff's reputation, it may be recoverable under state tort law but it is not recoverable in a *Bivens* action."). Plaintiffs have failed to state a "stigma plus" claim because they have failed to allege a deprivation of a fundamental liberty or property interest *in addition to* the damages stemming from the Village's defamatory statements. *Sadallah v. City of Utica*, 383 F.3d 34, 38–39 (2d Cir. 2004) (holding that plaintiffs failed to state a stigma plus claim where they alleged that defamatory statements caused "'damage not 'only to their business reputation, but [also the deprivation] of the good will in their business,'" and that this 'has served to discourage

7

customers from availing themselves of the Plaintiffs' facility'" . . . because these harms did not cause *additional* deprivation of rights, "but rather [were] direct "deleterious effects" of that defamation").

E. Statute of Limitations.

Defendants argue that plaintiffs' claims are time-barred because they filed on October 17, 2014, more than three (3) years after the denial of plaintiffs' bid for a towing contract, *Fahs Const. Grp., Inc. v. Gray*, 725 F.3d 289, 292 (2d Cir.) *cert. denied*, (2013), which occurred on either September 8 or 19, 2011, the date referenced in their complaint in a recent state court action. Def.'s Br., Ex. J. ¶ 73. Plaintiffs, however, now allege that this denial occurred sometime in October 2011. Pl.'s Compl. 4, ¶ 18. Given the court's disposition of plaintiffs' claims, it need not resolve this factual dispute.

III. CONCLUSION

For the foregoing reasons, defendants' dismissal motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted. The Clerk is directed to close the case.


**SO ORDERED**.

s/ Sandra J. Feuerstein_____
Sandra J. Feuerstein
United States District Judge

Dated: December 1, 2015
    Central Islip, New York

customers from availing themselves of the Plaintiffs' facility'" . . . because these harms did not cause *additional* deprivation of rights, "but rather [were] direct "deleterious effects" of that defamation").

E. Statute of Limitations.

Defendants argue that plaintiffs' claims are time-barred because they filed on October 17, 2014, more than three (3) years after the denial of plaintiffs' bid for a towing contract, *Fahs Const. Grp., Inc. v. Gray*, 725 F.3d 289, 292 (2d Cir.) *cert. denied*, (2013), which occurred on either September 8 or 19, 2011, the date referenced in their complaint in a recent state court action. Def.'s Br., Ex. J. ¶ 73. Plaintiffs, however, now allege that this denial occurred sometime in October 2011. Pl.'s Compl. 4, ¶ 18. Given the court's disposition of plaintiffs' claims, it need not resolve this factual dispute.

III. CONCLUSION

For the foregoing reasons, defendants' dismissal motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted. The Clerk is directed to close the case.

**SO ORDERED**.

s/ Sandra J. Feuerstein_____
Sandra J. Feuerstein
United States District Judge

Dated: December 1, 2015
    Central Islip, New York